IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. 09-0006-CG-B |
| v. | ) ) |
| JAMES RAY BUILDERS, INC., and JAMES R. RAY, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion for summary judgment. (Doc. 41). After review of the pleadings and in light of defendants' non-response, the court finds that plaintiff's motion is due to be granted and that plaintiff is entitled to judgment in the amount of $225,090.53 plus interest, fees and costs.

## FACTS

Plaintiff, Wachovia Bank, National Association ("Wachovia") filed this action seeking repayment of a loan evidenced by a Promissory Note, Builder Line of Credit ("the Note"). (See Doc. 1 - Complaint).  Wachovia allegedly made a $2,000,000.00 revolving line of credit loan to the Borrower, James Ray Builders, Inc.  Defendant, James R. Ray, signed the Note and a Modification to the Note (referred to collectively hereafter as "the Notes") as president of James Ray Builders, Inc., the borrower. (Docs. 1-2 and 1-3 attached to Complaint).  Defendant, James R. Ray, also signed an Unconditional Guaranty, guaranteeing payment of all obligations of the borrower to Wachovia. (Doc. 1-4).  The Notes provide that in addition to the borrower's obligation to pay the principal and interest on the loan, the holder of the Notes is entitled to recover its costs and expenses, including attorneys' fees, incurred in collecting the Notes.  The

Notes are payable on demand and Wachovia has made demand on the defendants for payment in full, but defendants have failed and refused to pay the outstanding indebtedness owing on the loan.

At the time the complaint was filed, Wachovia stated that the principal sum of $919,651.60 was owed on the loan, plus unpaid interest, late fees, and expenses of collection. Subsequent to the filing of the complaint, the borrower sold a portion of the collateral for the loan and the net proceeds of the sale were applied to the loan. According to Wachovia, as of September 11, 2009, the total amount outstanding on the loan exclusive of attorneys' fees and costs was $241,442.65. This amount includes the outstanding principal in the amount of $225,090.53, accrued unpaid interest in the amount of $12,333.65, costs in the amount of $2,400, and late charges in the amount of $1,618.47. Wachovia states that interest continues to accrue on the loan at the default rate of $40.64 per day. As of September 10, 2009, the outstanding attorneys' fees and expenses owing to plaintiff's counsel for work towards collecting the Note total $27,958.91.[1]

Plaintiff moved for summary judgment on July 2, 2009, seeking judgement against defendants jointly and severally in the amount of $267,001.56 plus pre-judgment interest at the rate of $40.64 per day from September 11, 2009, until the date of judgment and any attorneys' fees and expenses incurred from September 11, 2009, until the date of judgment. Any party opposing the motion was ordered to file a response in opposition on or before October 8, 2009.

---

[1] This amount includes a credit of $7,815.13 paid by the Borrower to Wachovia on or about November 26, 2008, in connection with the payoff of a $100,510.00 revolving line of credit loan made by Wachovia to the Borrower, which was applied by Wachovia to attorneys' fees and expenses. This amount also includes a credit of $3,130.82 in attorneys' fees and costs which were written off by plaintiff's counsel.

(Doc. 44).  To date, no opposition has been filed.

## ANALYSIS

### II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to plaintiff's motion, the court, after review of the pleadings, finds the motion is due to be granted.

**CONCLUSION**

For the reasons stated above, the motion of plaintiff, Wachovia Bank, National Association, for summary judgment (Doc. 41) is **GRANTED** and judgment will be entered against defendants, James Ray Builders, Inc. and James R. Ray, and in favor of Wachovia Bank, National Association in the amount of $267,001.56 plus pre-judgment interest at the rate of $40.64 per day from September 11, 2009, until the date of judgment and any attorneys' fees and expenses incurred from September 11, 2009, until the date of judgment.

Plaintiff is **ORDERED** to file, on or before **December, 3, 2009**, an accounting of the interest, fees and costs it is entitled to pursuant to the Notes from September 11, 2009, through December 4, 2009, so that a final judgment can be entered on that date.

**DONE and ORDERED** this 19th day of November, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE